IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CLARENCE BUCHANNON, #123 891    *

    Petitioner,    *

       v.    *    3:06-CV-117-MHT
                                               (WO)
STATE OF ALABAMA.    *

    Respondent.    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Clarence Buchannon ["Buchannon"], is currently confined at the William E. Donaldson Correctional Facility in Bessemer, Alabama. He files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to challenge various convictions entered against him by the Circuit Court for Lee County, Alabama. Specifically, Buchannon seeks to challenge: (1) his conviction for second degree burglary entered on May 2, 1979 pursuant to his plea of guilty, (2) his conviction for theft of property in the second degree entered on May 18, 1987 pursuant to his plea of guilty, and (3) his conviction for theft of property in the second degree entered against him on April 6, 1990 pursuant to his plea of guilty. According to the petition, Buchannon maintains that the trial court lacked jurisdiction to render judgment or impose sentence in regard to the convictions he wishes to challenge due to various irregularities in the indictments charging him with the specified offenses. Buchannon requests the court to accept jurisdiction over this matter pursuant to "Article III of the United

States Constitution" and "Title 2241 USC."

The court has undertaken a preliminary review of the instant petition. Upon review of the petition, the court concludes that it is due to be dismissed. *See generally* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts.*

## DISCUSSION

In the instant action, Buchannon seeks to challenge convictions entered against him by the Circuit Court for Lee County, Alabama, at different times and in different cases, and alleges that the state court lacked jurisdiction to enter judgment or impose sentence. However, challenges to different judgments entered at different times should be filed in separate habeas applications. Further, even though § 2241 authorizes a petitioner to challenge the legality of his state custody, a § 2241 petition is still subject to the procedural requirements of § 2254. It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States*, 520 U.S. 651, 657 (1997). Under 28 U.S.C. § 2241, a federal court is authorized to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

While both §§ 2241 and 2254 authorize a petitioner to challenge the legality of his

state custody, "allowing [a petitioner] to file his 'petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent.'" *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (quoting *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3rd Cir. 2001.)   Thus, a petition filed pursuant to 28 U.S.C. § 2241 is governed by both § 2241 and § 2254. *Id*. at 785; s*ee also Medberry v. Crosby,* 351 F.3d 1049, 1063 (11th Cir.2003) (holding that § 2241 and § 2254 apply to petitions for habeas corpus filed as § 2241 petitions where the petitioner is "in custody pursuant to the judgment of a state court."). "If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all." *Id.* at 1060.

Given the foregoing considerations, Buchannon's petition filed under § 2241 should be dismissed without prejudice to his right to file a separate habeas corpus petition with respect to each judgment he seeks to challenge in the instant petition.[1]  Such petition(s) will be subject to review under the provisions of  28 U.S.C. § 2254, as well as under § 2244(d)(1), which sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions, and § 2244(b), which limits the jurisdiction of this court to review of one

---

[1] Under 28 U.S.C. § 2241(c)(3), a district court has jurisdiction to entertain petitions for habeas relief only from persons who are "**in custody** in violation of the Constitution or laws or treaties of the United States."(emphasis added); *see also* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Thus, if a petitioner is not "in custody" on the conviction he seeks to challenge, the court lacks subject-matter jurisdiction over the habeas application. Additionally, the use of a prior expired conviction for enhancement purposes no longer provides an exception to the "in custody" requirement as the law now directs that a state inmate who failed to pursue available remedies to challenge prior convictions or challenged such convictions unsuccessfully may not collaterally attack the expired prior convictions through a § 2254 petition challenging his current enhanced sentence. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001); *Daniels v. United States*, 532 U.S. 374 (2001).

petition per judgment, unless permission to consider a second or successive petition is given by the United States Court of Appeals for the Eleventh Circuit. Thus, if Buchannon previously filed a habeas corpus petition in this court challenging a judgment of a state court, he must *first* move the appropriate circuit court for an order authorizing the district court to consider his successive application. *See* 28 U.S.C. § 2244(b)(3);[2] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Before this court may entertain a successive petition, authorization must be granted by the United States Court of Appeals for the Eleventh Circuit. § 2244(b)(3)(A).[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for habeas corpus relief be DISMISSED without prejudice to the rights of Petitioner to file a separate habeas corpus application for each judgment sought to be challenged in the instant action unless Petitioner previously filed a habeas corpus petition in this court challenging the same judgment which was dismissed or denied with prejudice. In that event, Petitioner must first file a motion with the United States Court of Appeals for the Eleventh Circuit seeking authorization by the district court to consider a second or successive habeas corpus petition.

It is further

---

[2] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[3] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (emphasis added).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 27, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE