IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE BUCHANNON, #123 891 | * | |
| Petitioner, | * | |
| v. | * | 3:06-CV-117-MHT (WO) |
| STATE OF ALABAMA. | * | |
| Respondent. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Clarence Buchannon ["Buchannon"], is currently confined at the William E. Donaldson Correctional Facility in Bessemer, Alabama. On January 31, 2006 he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to challenge various convictions entered against him by the Circuit Court for Lee County, Alabama.[1] Specifically, Buchannon seeks to challenge: (1) his conviction for second degree burglary entered on May 2, 1979 pursuant to his plea of guilty, (2) his conviction for theft of property in the second degree entered on May 18, 1987 pursuant to his plea of guilty, and (3) his conviction for theft of property in the second degree entered against him on April 6, 1990 pursuant to his plea of guilty. According to the petition, Buchannon maintains that the trial court lacked jurisdiction to render judgment or impose sentence

---

[1] Although this petition was stamped "filed" in this court on February 6, 2006, the petition was signed by the petitioner on January 31, 2006. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Buchannon] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes January 31, 2006 as the date of filing.

in regard to the convictions he seeks to challenge in this court due to various irregularities in the indictments charging him with the specified offenses. Buchannon requests the court to accept jurisdiction over this matter pursuant to "Article III of the United States Constitution" and "Title 2241 USC."

## I. DISCUSSION

Buchannon seeks habeas relief under 28 U.S.C. § 2241 from his 1979 conviction for second degree burglary, his 1987 conviction for theft of property in the second degree, and his 1990 conviction for theft of property in the second degree. "[A]lthough [Buchannon's] petition is authorized by § 2241, it is also governed by § 2254 because [Buchannon] is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody pursuant to the judgment of a state court is subject to the procedural restrictions contained in § 2254).[2] As the Eleventh Circuit has determined, "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes. *See* 28 U.S.C. § 2241(a) ('Writs of habeas corpus may be granted. . . .'); 28 U.S.C. § 2254(a) ('[Federal courts] shall entertain an application for a writ of habeas corpus. . .'). These identical statutory references to 'the writ of habeas corpus' must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury,* 475 U.S. 851, 860 (1986)." *Medberry*, 351 F.3d at 1059. Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Id*. at 1062.

---

[2]The records of this court reflect that Buchannon is currently incarcerated on a conviction for first degree robbery entered against him by the Circuit Court for Lee County, Alabama, on July 29, 1997. The trial court sentenced Buchannon to life imprisonment without the possibility of parole for this conviction. *See Buchannon v. Mitchem*, Civil Action No. 3:00-CV-1227-WHA (M.D. Ala. 2001).

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. . . . To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
>
> If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id.* at 1060-1061.

"Section § 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court. [Buchannon] is in custody pursuant to the judgment of the [Alabama] court. Therefore § 2254 applies to [Buchannon's] petition [and] . . . [he] cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. In light of the foregoing, this court must apply the procedural restrictions contained in § 2254 to the instant petition.

*A. The 1987 and 1990 Convictions*

Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for habeas corpus relief] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive

3

application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (c).

A review of this court's records reveals that Buchannon filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1987 conviction for theft of property in the second degree.[3] *Buchannon v. Mitchem, et al.*, Case Action No. 3:00-CV-1203-ID (M.D. Ala. 2001). In this prior habeas action, this court decided the matter adversely to Buchannon on the merits. *Id.* (petition denied as barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)). In addition, Buchannon filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1990 conviction for theft of property in the second degree.[4] *Buchannon v. Mitchem, et al.*, Civil Action No. 3:00-CV-1228-ID (M.D. Ala. 2001). In this prior habeas petition, this court again decided the matter adversely to Buchannon on the merits. *See Id.* (petition denied as barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)).

The pleadings filed by Buchannon demonstrate that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Buchannon's] second habeas corpus petition [with respect to both his 1987 and 1990 convictions] and because he had no permission from [the Eleventh Circuit] to file a second habeas petition [for either conviction], . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of*

---

[3] The trial court sentenced Buchannon to a five year prison term for this conviction. *See Buchannon v. Mitchem, et al.*, Civil Action No. 3:00-1203-ID (M.D. Ala. 2001).

[4] The trial court sentenced Buchannon to fifteen years for this conviction. *See Buchannon v. Mitchem, et al.*, Civil Action No. 3:00-CV-1228-ID (M.D. Ala. 2001).

*Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, it is clear that this court lacks jurisdiction to consider Buchannon's petition for habeas corpus relief seeking to challenge both his 1987 and 1990 convictions for theft of property in the second degree. *Id*. at 934.

B. *The 1979 Conviction*

"Federal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3). A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989)." *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence."). Even if Buchannon's 1979 second degree burglary conviction were used by the state court for enhancement of the sentence he is currently serving, the use of a prior expired conviction for enhancement purposes no longer provides an exception to the "in custody" requirement. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001); *Daniels v. United States*, 532 U.S. 374 (2001).

Buchannon filed this habeas petition on January 31, 2006, more than 26 years after his May 2, 1979 conviction for second degree burglary. It appears clear from a review of the court's own records that the sentence imposed on Buchannon for his 1979 second degree burglary conviction expired prior to his filing the instant habeas petition, and there is nothing in the pleadings before the court which compels a different conclusion. It is, therefore, apparent that at the time Buchannon filed this § 2241 petition he was not "in custody" pursuant to the 1979 second degree burglary conviction as is required for purposes of a habeas attack on this conviction. Thus, the petition for

writ of habeas corpus filed by Buchannon on January 31, 2006 wherein he seeks to challenge his 1979 second degree burglary conviction is due to be dismissed for lack of subject matter jurisdiction as Buchannon is not "in custody" on this conviction. *Maleng,* 490 U.S. at 490.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The present 28 U.S.C. § 2241 petition for habeas corpus relief filed by Clarence Buchannon be DENIED;

2. This habeas corpus application, insofar as it seeks to challenge Buchannon's 1987 conviction for second degree theft of property and his 1990 conviction for second degree theft of property, be DISMISSED as this court is without jurisdiction to review the petition under the provisions of 28 U.S.C. § 2244(b)(3)(A) as Buchannon has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application for either of these convictions;

3. This 28 U.S.C. § 2241 petition, insofar as it seeks to challenge Buchannon's 1979 conviction for second degree burglary, be DENIED and DISMISSED with prejudice as this court lacks jurisdiction to consider Buchannon's claims for relief with respect to this conviction.

It is further

ORDERED that on or before April 23, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate

Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE